FILED
11/04/2021
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Cause No. 1:21-cr-339-JRS-DLP <br> IRVING GOMEZ, ) <br> a/k/a John Mendez-Rodriguez, ) <br> Defendant. ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Lawrence D. Hilton, Assistant United States Attorney ("the Government"), and the defendant, IRVING GOMEZ ("the defendant"), in person and by counsel, Dominic Martin, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

### Part 1: Guilty Plea and Charge(s)

**1.     Plea of Guilty:** The defendant, having waived the right to indictment by a grand jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Information:

      **a.**     Counts 1, 3, and 5 which charge that the defendant committed the offense of Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a).

b. Counts 2, 4, and 6 which charge that the defendant committed the offense of Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Section 924(C)(A)(ii).

2. **Potential Maximum Penalties**:

- **Counts 1, 3, & 5**: These offenses are punishable by a maximum sentence of 20 years' imprisonment, up to a $250,000 fine, and three years' supervised release following any term of imprisonment.

- **Counts 2, 4 & 6**: These offenses are punishable by a sentence of imprisonment of not less than seven years and not more than life imprisonment, up to a $250,000 fine, and five years' supervised release following any term of imprisonment. The sentences on each of these counts must be imposed consecutively to any other counts.

3. **Elements of the Offense:** To sustain the offenses to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

**Interference with Commerce by Robbery**

- The defendant knowingly obtained money or property from or in the presence of employees of O'Reilly Auto Parts and CVS; and
- The defendant did so by means of robbery; and
- The defendant believed that an employee of O'Reilly Auto Parts and CVS parted with the money or property because of the robbery; and
- The robbery affected interstate commerce.

**Brandishing a Firearm in Furtherance of a Crime of Violence**

- The defendant committed the crime of Interference with Commerce by Robbery as charged in Counts One, Three and Five of the Information; and

- The defendant knowingly brandished a firearm; and

- The defendant's brandishing of the firearm was in furtherance of the robberies charged in Counts One, Three and Five of the Information.

## Part 2: General Provisions

4. **18 U.S.C. § 3553(a) and Sentencing Guidelines:** The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph nine (9), below. The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph nine (9), below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

5. **Rule 11(c)(1)(C), Fed. R. Crim. P.:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph nine (9), below, is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

**6. Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

**7. No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

**8. Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the

attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3:  Sentence to be Imposed

9. **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

> a. **Imprisonment:** A sentence of imprisonment within the range of 21-26 years.
>
> b. **Restitution:** The defendant agrees to pay the restitution to the following

businesses in the amount determined to be applicable by United States Probation in its Presentence Investigation Report:

> > i. O'Reilly Auto Parts, located at 3720 North High School Road, Indianapolis, Indiana;
> >
> > ii. CVS, located at 2002 North Arlington 7935 South Emerson Avenue, Indianapolis, Indiana;

The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

---

[1] Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

      **c.**    **Fine:** The court shall use its discretion to fashion an appropriate fine in this case.

      **d.**    **Extent of Rule 11(c)(1)(C) Agreement:** The provisions set forth in paragraph nine (9), above, are the only provisions of this Plea Agreement subject to the provisions of Fed.R.Crim.P. 11(c)(1)(C).

**10.**    **Additional Provisions:**

      **a.**    **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

      **b.**    **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

**11.**    **Mandatory Special Assessment:** The defendant will pay a total of $700 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

      **a.**    **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the

defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

      **b.**    **Forfeiture:** The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest the defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency: (1) .22 caliber Ruger 10/22 rifle with an obliterated serial number.

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in

the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 4:  Factual Basis for Guilty Plea

**12.** The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

On January 24, 2021, at approximately 8:00 am, the Defendant entered the O'Reilly's Auto Parts store, located at 3720 North High School Road, Indianapolis, Indiana. He wore a distinct black colored jacket with gray or off-black colored paneling over the shoulders and upper back. The jacket additionally had the words "O'Riley's" over the left breast. The Defendant also wore a hood up over his head, a mask covering the lower portion of his face, dark colored pants, a dark colored hat with the bill facing forward under the hood, and black colored shoes that had a gray stripe on the outside. He approached the check-out counter and brandished a rifle that was loaded with a clear, or transparent, colored magazine. The rifle was also missing

its buttstock. Next, he demanded money from the store's safe and registers. The employees complied and initiated the time-delay safe. The defendant then went to the backroom and located what the employees would later describe as a hidden center drawer on a desk, which in turn unlocked the desk's side drawers. The Defendant ultimately fled with loose US currency stolen from the O'Reilly's. The IMPD responded to the scene and initiated an investigation. In conversations with the victim employees, the assigned detective learned that they recognized the robber as possibly being a former employee. They identified this employee/robber as Irving Gomez.

On February 6, 2021, Gomez entered the CVS, located at 7935 South Emerson Avenue, Indianapolis, Indiana. He wore a black colored jacket that had large gray colored outline around the zippered pockets that were located on the upper arms and waistline. The jacket also had the word "O'Reilly's" in white letters over the left breast. Gomez also wore a hood over his head with the bill of a baseball cap protruding out from underneath it. He also wore black pants and brown boots. The brown boots maintained black soles and noticeable yellow stripes along the laces and tongue. He brandished a rifle with no buttstock and clear colored magazine at an employee, who he encountered walking through one of the aisles towards the front door. He then demanded money from the cash register. The employee initially stood there because he was unable to understand what Gomez was saying. Gomez, in turn, struck him several times in the back with the muzzle of the rifle in what appeared to be an effort to push him towards the check-out counter. The employee quickly complied and went to the registers with Gomez. The employee opened the drawer, and Gomez then stole the entire drawer.

As the employee was attempting to get the register opened, Gomez repositioned the rifle in his hands several times. At one point, he appeared to look down and then quickly pick something up from the ground. After taking the drawer, Gomez fled from the business.

On February 21, 2021, IMPD Detective Det. Lewis went to the CVS to obtain the robbery surveillance video from the CVS. Upon arriving, the manager of the store provided her with the footage as well as an envelope. Inside of the envelope was an unfired .22 caliber bullet. The manager explained that a second employee had found it under the check-out counter earlier that morning. They believed it had most likely fallen out of Gomez's rifle during the commission of the robbery the day prior.

On March 1, 2020, at approximately 7:45 am, Gomez returned to the O'Reilly Auto Parts store, located at 3720 North High School Road, Indianapolis, Indiana. He wore the same clothing worn during previous robbery of the store. He brandished a rifle with no buttstock and demanded money from the employees. He specifically ordered one of the employees to crawl to the backroom where the store's safe was located. As the employee complied, Gomez ordered the second to lay on the ground. The first employee opened the safe and began removing loose US currency for Gomez. Once the Gomez' attention appeared to be turned away from the safe, the employee at the safe lunged towards Gomez and grabbed hold of the rifle. The two parties struggled for control of the weapon. As the employee pinned Gomez against a nearby wall, Gomez lost control of the rifle. Gomez then retrieved a metallic rod that was hanging from the wall that he was being held against and struck the employee over the head with it multiple times. The employee sustained the blows while managing to wrestle the Gomez to floor. The employee pinned himself on top of Gomez and attempted to physically restrain him for the remainder of the struggle. The second employee called 911 as these events transpired.

While pinned to the ground, Gomez brandished a bladed pocketknife and attempted to stab the employee with it. However, the employee was able to disarm the Gomez yet again. then told the employee who was restraining him that he knew who he was, who his family was, and where he lived. He threatened to kill them all if the employee did not let him go. The IMPD finally arrived and located Gomez still being held down by the employee. The officers took custody of Gomez without further issue.

Detectives retrieved the rifle brandished by Gomez during the robbery. The rifle was confirmed to be a .22 caliber Ruger 10/22 rifle, which had its buttstock manually removed from it. The gun is consistent with the guns used during the first 2 robberies. The caliber of bullet is also consistent with the bullet collected from the CVS robbery. The recovered rifle was loaded with .22 caliber bullets, and its serial number was obliterated.

## Part 5: Other Conditions

**13.** **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**14.** **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**15.** **Compliance with Federal and State Laws:** The defendant understands that the

obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 6: Sentencing Guideline Stipulations

**16. Guideline Computations:** The parties have not agreed to any guidelines stipulations or the defendant's criminal history category.

**17. Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

### Part 7: Waiver of Right to Appeal

**18. Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to

appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

19. **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

    a. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

    b. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other

13

grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

   **c.**  **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the defendant waives any right to file more than one motion on that basis. This waiver also bars an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**20.** **No Appeal of Supervised Release Term and Conditions:** The defendant waives the right to appeal the length and conditions of the period of supervised release.

### Part 8: Presentence Investigation Report

**21.** The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**22.** The defendant further requests and consents to the review of the defendant's

14

Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## Part 9:  Statement of the Defendant

**23.**     By signing this document, the defendant acknowledges the following:

**a.**     I have received a copy of the Information and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.**     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.**     I have read the entire Plea Agreement and discussed it with my attorney.

**d.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty".  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the

expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

  **f.**  I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

  **g.**  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

  **h.**  I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

  **i.**  I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  **j.**  My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

  **k.**  My attorney has informed me, and I understand, that if I provide or cause

to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

  **l.**  If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty plea agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

<b><u>Part 10:  Certificate of Counsel</u></b>

  **24.**  By signing this document, the defendant's attorney and counselor certifies as follows:

  **a.**  I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Information in this case;

  **b.**  To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

  **c.**  The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

  **d.**  In my opinion, the defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**e.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## Part 11: Final Provision

**25.** **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

10/28/21
DATE

Lawrence D. Hilton
Assistant United States Attorney

10/28/21
DATE

Barry D. Glickman
Deputy Chief, Drug and Violent Crime Unit

10/21/21
DATE

Irving Gomez
Defendant

10/28/21
DATE

Dominic Martin
Counsel for Defendant